UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FREEDOM FROM RELIGION FOUNDATION,
INC., a Wisconsin non-profit corporation, and
DOUGLAS J. MARSHALL, a Michigan individual,

       Plaintiffs,

v

CITY OF WARREN, MICHIGAN, CITY OF WARREN
DOWNTOWN DEVELOPMENT AUTHORITY
and JAMES R. FOUTS, Mayor of Warren, Michigan,

       Defendants.

Case No: 2:11-cv-15617
Honorable Lawrence P. Zatkoff
Referral Judge: R. Steven Whalen
Filed 12/22/11

_____/

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In their Response, Plaintiffs entirely fail to meet their burden under Federal Rules 12 and/or 56 by relying on mere speculation and supposition to support their factual claims. Further, Plaintiffs reliance on non-binding and distinguishable cases that directly contradict the applicable constitutional standards is improper. Accordingly, Plaintiffs' Response cannot overcome the clear law and undisputed facts warranting summary judgment in this case.

**A.  The Equal Protection Claim Must be Dismissed for Lack of Standing.**

Plaintiffs offer zero authority, argument, or support in opposition of the well-supported assertion that Plaintiffs lack standing to bring an Equal Protection Clause claim. The failure to respond equates to a waiver of any opposition to dismissal of the Equal Protection Claim based on a lack of standing. Summary judgment of the Equal Protection Clause claim (Count III) is thereby appropriate pursuant to Rule 56(e)(3).

**B.  The Establishment Clause Claim Must be Dismissed for Lack of Standing.**

Plaintiffs' Response erroneously attempts to apply case law that concludes that mere psychological harm may be enough to convey standing in Establishment Clause cases because such

1

cases require proof of _actual, direct and unwelcome contact_ with an offending _government-created_ religious display. The _government-created_ part of this analysis is critical because psychological harm sufficient to convey standing requires a feeling of exclusion _by one's government_. Indeed, psychological harm alone was enough in *American Civil Liberties Union of Ohio Foundation, Inc. v. DeWeese*, 633 F.3d 424 (6th Cir., 2011) because the attorney complaining about Ten Commandment display in Judge DeWeese's courtroom, with which he disagreed, regularly practiced law before Judge DeWeese in this courtroom. It was critical that the face of the offending displays expressed that Judge DeWeese "created and hung" the same. *Id*, 633 F.3d at 426-8. Similarly, psychological harm alone conveyed standing for lobbyists opposing a Ten Commandments monument in their state capitol in *Adland v. Russ*, 307 F.3d 471 (6th Cir., 2002) because it was the very state legislature in front of whom they were lobbying that was expressing a religious viewpoint. Indeed, *Washegensic v. Bloomingdale Public Schools*, 33 F.3d 679 (6th Cir., 1994) recognizes that psychological harm alone is sufficient where one is "complaining about the unlawful establishment of a religion by the city, town, or state" in which he resides.

The holdings of *DeWeese, Adland* and/or *Washegensic* do not apply here where Plaintiffs merely complain of harm stemming from dislike of a **non-government sponsored** religious display. Indeed, the crèche in question here incorporates a sign confirming it is "Sponsored by the Warren Rotary Club" and not the City of Warren or its officials or employees. **Exhibit 10 to Motion for Summary Judgment (MSJ)**. Plaintiffs' complaint with the crèche is a mere "psychological consequence presumably produced by observation of conduct with which one disagrees" which the Supreme Court recognizes to be insufficient to convey standing. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464 (1982).

2

Notably, Plaintiffs' Response offers zero evidence to establish that they "altered their conduct" as a result of the crèche at Warren's City Hall which is required to avoid dismissal under the *Valley Forge* standard.  Mere assertions, unsupported by the record or any affidavit, are insufficient under Federal Rule 56(c).  Accordingly, summary judgment of the Establishment Clause claim for lack of standing is proper.

### C. **Plaintiffs Do Not Have Taxpayer Standing.**

It is egregious that Plaintiffs speculate about whether Warren "utilized taxpayer money in order to purchase the holiday display in the Civic Center Atrium…including the Nativity Scene" to avoid summary judgment.  *Response Brief, p. 9*.[1]  It is a matter of fact that the crèche is expressly "Sponsored by the Warren Rotary Club" and not the City of Warren or its officials or employees. **Exhibit 10 to MSJ**.  Mere speculation otherwise is insufficient to oppose this Motion. Fed.R.Civ.P. 56(c)(1)(A)-(B).  Given that there has been no evidence of appropriation or expenditure of city funds on the crèche, the municipal taxpayer standing fails as a matter of law.  *Doremus v. Bd. of Educ. of Hawthorne*, 342 U.S. 429, 433-35 (1952).

### D. **Free Speech Claim:  Plaintiffs Fail to Offer any Authority to Rebut the Finding that the Atrium of Warren's City Hall is a Non-Public Forum.**

Plaintiffs do not dispute that the public vs. non-public forum determination applies here and asks: (1) whether the public property is open for expressive activity or merely subject to selective access; and (2) in cases of public workspace, whether the excluded speech is compatible with the forum's main purpose.  *United Food & Commercial Workers Union v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 350 (6th Cir., 1998).  Likewise, Plaintiffs do not dispute that a public forum is *not* created by opening public property "for indiscriminate use by the general public" or by granting "selective access" to one private party or another for expressive activity

---

[1] Plaintiffs cite to only a Freedom of Information Act response letter that does not evidence *in any way* that the crèche is supported by Warren tax dollars.

(like the Warren Rotary Club in this case).  *Perry Education Ass'n v. Perry Local*, 460 U.S. 37, 46-7 (1983).  All parties further acknowledge that government property retains non-public forum status whenever control over access is aimed at avoiding interruptions to the performance of the duties of government employees or public business.  *Cornelius*, 473 U.S. at 805.

To this end, Plaintiffs do not dispute that the atrium of Warren's City Hall is limited to selective access or that Warren's written Rental Policy governs such access.  Likewise, Plaintiffs certainly agree that the atrium abuts and is open to all levels of government workspaces and public-service counters such that it is reasonable to conclude that an aggressive and controversial Winter Solstice display would disrupt the main proprietary purpose of Warren's Municipal Building.  Accordingly, there exists no genuine dispute that the atrium is a non-public forum.

Certainly, the Defendants expressed basis for not allowing the Winter Solstice sign into the holiday display was reasonable and viewpoint neutral as required in a non-public forum by *Cornelius v. NAACP Legal Defense*, 473 U.S. 788, 811 (1985) and *Perry*.  The reasons for exclusion here include that the sign: (a) seeks to address a topic other than the traditional Christmas theme of the entire, as permitted by *Lehman v. City of Shaker Heights*, 418 U.S. 298 (1974); (b) would cause controversy and create disturbances in the adjoining government workspaces and public service counters, as permitted by *Cornelius*; and (c) could not be reasonably understood to promote good morale or joy during the holidays, as permitted by *Greer v. Spock*, 424 U.S. 828 (1976).[2]

Plaintiffs argue instead that this Court should apply a single, non-binding case that holds that a rotunda room in Murfreesboro's City Hall was transformed into a limited public forum --- not for

---

[2] *Cornelius* prohibits use of the First Amendment to force a municipality to display persuasive speech "or other distractions" principally aimed at competing for the potential observers' attention.  As such, it is prudent to recall that the Winter Solstice sign contains a message overtly attacking the passive, symbolic crèche to which Plaintiffs seek to have it placed ***immediately next to***.  Indeed, Plaintiffs' letters and website indicate the purpose is an overt attack against the crèche as opposed to any promotion of joy or good-will during the holiday season.

4

everyone, but for artists wishing to display art --- when the City of Murfreesboro created a "City Hall Art Committee which invited art to be submitted to the committee for possible display in the Rotunda." *Henderson v. City of Murfreesboro*, 960 F.Supp. 1292, 1297 (M.D. Tenn, 1997). *Murfreesboro* recognized that the rotunda room was only changed into a limited public forum because the art committee had issued an "open invitation" for all artists "to display original works of art with no restriction as to subject matter." *Id*, at 1299. *Murfreesboro* further notes it relevant that the rotunda room is not adjoined by or near government workspaces. Here, quite unlike *Murfreesboro*, there exists no "open invitation" for artists or any other groups to freely use the atrium of Warren's City Hall. In Warren, private access in the atrium is selective --- subject to approval by the Downtown Development Authority under the established criterion of a written Rental Policy. **Exhibits 6-7 to MSJ**. Also opposite *Murfreesboro*, the atrium in question here abuts all levels of government workspaces and the public-service counters where City business is transacted.[3] **Ibid**. Reliance on *Murfreesboro* is therefore severely misplaced.

Finally, Plaintiffs' suggestion that summary judgment is premature because discovery may confirm their suspicions that Defendants have a desire to promote Christianity is improper. The law is very clear that Plaintiffs may not avoid dismissal of a First Amendment claim by raising questions about a government-actor's viewpoints or alleged illicit motives. *Big Dipper Entertainment, L.L.C. v. City of Warren,* 641 F.3d 715, 717 (C.A.6, 2011).

## II. The Establishment Clause Claim Flatly Fails as a Matter of Law.

Plaintiffs offer zero authority to contradict the Supreme Court and Sixth Circuit cases that hold it is **not** a violation of the Establishment Clause to incorporate a crèche into an otherwise

---

[3] Given the proximity, the policy of selective access considers: (a) the nature of the meeting; (b) whether group membership of the requesting organization is open to all persons without regard to race, color, sex, religion or physical handicap; and (c) whether the use would cause an interference with the rights of the general public or disruption of the Municipal Building's proprietary functions.

5

secular holiday display on government property.[4]  Likewise, Plaintiffs cannot and do dispute that the primarily-secular holiday display in Warren is encompassed by this rule. Instead, Plaintiffs ask the Court to disregard all binding authority because their distorted readings of letters from Defendants lead them to believe Defendants have a secret desire to promote Christianity in Warren. This argument is entirely defeated by *Big Dipper.*  Summary judgment is thereby required.

### III. The Equal Protection Claim Flatly Fails as a Matter of Law.

Importantly, Plaintiffs bear the burden of proving a discriminatory purpose to avoid dismissal of their Equal Protection claim.  *Keene v. Mitchell*, 525 F.3d 461 (6th Cir., 2008). Discriminatory purpose is not established as a matter of law by the mere averment that one group of speakers has been excluded from expressing its ideas on government property while another group has not been so excluded.  *Washington v. Davis,* 426 U.S. 229, 293 (1976); *Village of Arlington Heights,* 429 U.S. 252, 265.  Nonetheless, Plaintiffs offer nothing more than mere argument that Defendants' viewpoints must be in favor of religion over non-religion given that their Winter Solstice sign was not permitted in the atrium holiday display.  They do so even when the Defendants' letters to Plaintiffs make it abundantly clear that the Winter Solstice sign was excluded because its message overtly attacked the theme and symbols in the traditional, primarily-secular holiday display and would undoubtedly cause disruption in workspaces and public-service areas of Warren's Municipal Building.[5]  Given these non-debatable facts, it is not the content of the speech, but the "deliberate verbal or visual assault, that justifies proscription"

---

[4] E.g. *Doe v. City of Clawson,* 915 F.2d 244 (C.A.6, 1990); *Americans United for Separate of Church and State v. City of Grand Rapids*, 980 F.2d 1538 (C.A.6, 1992); *Clark v. Community for Non-Creative Violence*, 468 U.S. 288 (1984); *Lynch v. Donnelly*, 465 U.S. 668 (1984).

[5] Defendants rejected the sign as it was "antagonistic [] toward all religions" and served "no purpose during [the] holiday season, except to provoke controversy and hostility."  **Docket #1-9.**  To confirm it was not a religious preference at all, Defendants even indicate that a request to place a sign in the atrium holiday display stating "there is no Santa Claus" would be met with equal denial.  **Ibid**.

6

without giving rise to a valid Equal Protection claim. *Erznoznik v. Jacksonville*, 422 U.S. 205, 210-11 n.6 (1975).

Moreover, Plaintiffs entirely fail to offer any proof that Defendants adopted a criterion for messages in the atrium with the intent of causing a disparate impact upon a particular group as required to avoid summary judgment by *Hernandez v. New York,* 500 U.S. 352 (1991). Indeed, there is no dispute that the written Rental Policy pre-dates any request regarding the Winter Solstice sign. Accordingly, summary judgment is required.

**WHEREFORE**, Defendants respectfully requests this Court enter an Order (a) Granting Summary Judgment of all Claims against all Defendants Under Federal Rule 12(B)(6) and/or 56; (b) Awarding costs against Plaintiffs and their counsel for submission of a frivolous motion pursuant to Federal Rule 11; and (c) Granting such other relief as the Court deems appropriate.

Respectfully submitted,
**KIRK, HUTH, LANGE & BADALAMENTI, PLC**

By:   s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
rbadalamenti@khlblaw.com
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038

Dated: March 8, 2012          (586) 412-4900

### CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2012, I filed REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ROBIN LUCE-HERMANN (P46880), DANIELLE J. HESSELL (P68667) and JENNIFER DUKARSKI (P74257).

By:   s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
rbadalamenti@khlblaw.com
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900