UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

FREEDOM FROM RELIGION FOUNDATION,
INC., a Wisconsin non-profit corporation, and
DOUGLAS J. MARSHALL, a Michigan individual,

        Plaintiffs,

v

CITY OF WARREN, MICHIGAN, CITY OF WARREN
DOWNTOWN DEVELOPMENT AUTHORITY
and JAMES R. FOUTS, Mayor of Warren, Michigan,

        Defendants.
_____/

Case No: 2:11-cv-15617
Honorable Lawrence P. Zatkoff
Referral Judge: R. Steven Whalen
Filed 12/22/11

## **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

As set forth in more detail in their Motion for Rule 11 Sanctions (Docket #21), Defendants seek sanctions in this case via this Motion because the Plaintiffs has asserted and continued to maintain claims that are not grounded in existing law or a non-frivolous argument for extension of the law but are clearly asserted for the improper purpose of harassing Defendants, causing media attention and imposing legal costs upon the City of Warren.  There can be no other finding regarding application of Federal Rule 11(c) given that Plaintiffs' claims have been outright rejected by the United States Supreme Court and the Sixth Circuit on a number of occasions.  Plaintiffs failure to respond to the merits of this Motion equates to a waiver of any opposition to same pursuant to Federal Rule 8(b)(1) and 56(e)(3).  Accordingly, sanctions should be awarded to Defendants.

It is further appropriate to note that there is no procedural defect that prevents the award of sanctions in this case.  Fed. R. Civ. P. 11(c)(2) provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but **it must not be filed or be**

**presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets…**"

Defendants complied with these requirements by serving the following: (1) On January 26, 2012 counsel for Defendants served a letter, under Local Rule 7.1, seeking dismissal of the Complaint based on particularized arguments that were to be presented in Defendants' Motion for Summary Judgment. This correspondence further indicated that Federal Rule 11(c)(2) sanctions would be sought against Plaintiffs if the Complaint was not dismissed (**Exhibit A to Plaintiffs' Response in Opposition, Docket #25-2**); (2) On January 27, 2012 Defendants set forth all grounds for dismissal of the Complaint by filing and serving Defendants' Motion for Summary Judgment; (3) On January 30, 2012 counsel for Plaintiffs fully acknowledged the grounds that were to be asserted in support of the anticipated future Motion for Rule 11 sanctions (**Exhibit B to Plaintiffs' Response in Opposition, Docket #25-3**); and (4) To comport with the "separate motion" requirement of Federal Rule 11, on February 20, 2012 this Motion was filed and served ---- this was 24 days after grounds for Rule 11 sanctions were duly identified for Plaintiffs via Defendants' Motion for Summary Judgment. Despite the well-established law and indisputable facts, Plaintiffs did nothing during this safe-harbor timeframe or through the present date to dismiss these claims. Accordingly, Rule 11 has been complied with and sanctions should be awarded.

The Plaintiffs reliance on non-binding decisions that include *Tiller v. Apostolopoulos*, *Unpublished*, 2010 WL 5088763 (E.D. Mich., Dec. 8, 2010) is misplaced. The distinction is that the Defendants here specifically set forth the grounds to be asserted in support of the award of Rule 11 sanctions in the letter served on January 26, 2012 letter and in Defendants' Motion for Summary Judgment served on January 27, 2012. In order to comport with the "separate motion" requirement,

the instant "separate Motion" actually sought the award of Rule 11 sanctions 24 days after proper service of the "defenses" and "contentions" upon Plaintiffs. Indeed, each case cited by Plaintiffs including *Bates v. Colony Park Ass'n*, 393 F. Supp. 2d 578 (E.D. Mich., 2005), *McKenzie v. Berggen*, 212 F.R.D. 512 (E.D. Mich., 2003), *Tiller v. Apostolopoulos*, *Unpublished*, 2010 WL 5088763 (E.D. Mich., Dec. 8, 2010) and *Rasmussen v. Fleetwood Enters, Inc.*, *Unpublished*, 2007 WL 1106138, at *7 (E.D. Mich., 2007), deal with instances where no pre-Rule 11 Motion notice was given or a mere warning letter was provided that cited to Federal Rule 11 but did not provide the grounds upon which sanctions would be requested.

      The reality is that the Sixth Circuit has held that a warning letter stating "<u>in no uncertain terms</u>" that sanctions would be sought under Rule 11 satisfies the purpose of the safe harbor provision to allow a party or counsel to avoid sanctions by withdrawing the challenged claims or representation. *Barker v. Bank One, Lexington, N.A.*, *Unpublished*, 1998 WL 466437, Doc. No. 97-57877, *2 (6th Cir., July 30, 1998). The key in *Barker* is that the Plaintiff had ample opportunity after the warning letter (and after the Rule 11 Motion was filed) to withdraw the frivolous claims but failed to do so. Accordingly, *Barker* refused to apply the safe-harbor provision in a manner that justifies a party's refusal to dismissal obviously frivolous claims when placed on notice of the opposing party's legal objections well before judgment is entered. In respecting this same principal, the Sixth Circuit has long held that the safe-harbor provision requires service of the Rule 11 Motion merely to "occur at least 21 days **before final judgment**." *Barker*, at *2; *citing Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997). Here, the Defendants went significantly further than *Barker* and *Ridder* and have thereby satisfied the procedural requirements of Rule 11.

      Equally important is that, as of March 12, 2012, twenty-one (21) days have elapsed since Defendants' Motion for Rule 11 Sanctions was filed and served but Plaintiffs have still not

withdrawn the unwarranted and frivolous claims in their Complaint.  Quite to the contrary, Plaintiffs have wholly disregarded the applicable law in filing a brief in opposition to Defendants' Motion for Summary Judgment (Docket #26).  Certainly there is no question under this circumstance that the safe harbor provision of Rule 11 does not form a basis to challenge Defendants request for sanctions.  Indeed, the Plaintiffs' very apparent bad faith intent in bringing and maintaining these claims --- as discussed in Defendants Motion (Docket #21) --- brings it within the inherent authority of this Court to even award sanctions here *on its own initiative* pursuant to Fed. R. Civ. P. 11(c)(3).

**WHEREFORE**, Defendants respectfully request this Court enter an Order (a) Granting Defendants' Motion for Rule 11 Sanctions; (b) Awarding costs against Plaintiffs and their counsel for submission of this frivolous claim pursuant to Federal Rule 11(c)(2) and/or (c)(3); and (c) Granting such other relief as the Court deems appropriate.

        Respectfully submitted,
        **KIRK, HUTH, LANGE & BADALAMENTI, PLC**

    By:    s/Raechel M. Badalamenti
        RAECHEL M. BADALAMENTI (P64361)
        rbadalamenti@khlblaw.com
        Attorneys for Defendants
        19500 Hall Road, Suite 100
        Clinton Township, MI  48038
Dated: March 9, 2012    (586) 412-4900

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Counsel for Plaintiffs, Robin Luce-Herrmann/Danielle J. Hessell/Jennifer Dukarski.

        s/Raechel M. Badalamenti
        RAECHEL M. BADALAMENTI (P64361)
        rbadalamenti@khlblaw.com
        19500 Hall Road, Suite 100
        Clinton Township, MI  48038
        (586) 412-4900